# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KENDARIOUS SCOTT, a minor**
**As brought by his parents and natural**                  **PLAINTIFF**
**Guardians JACKIE ELLIS SCOTT and**
**EDGAR ALLEN SCOTT, SR.**

**v.**                                                                     **NO: 3:18-CV-00024**

**DILLARD'S, INC. and**
**JOHN DOES I–V**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Plaintiffs' motion for partial summary judgment [47] and Defendant Dillard's motion for summary judgment [49].[1] The Court, having considered the memoranda and submissions of the parties, along with relevant case law and evidence, is now prepared to rule.

Plaintiffs commenced this action in the Circuit Court of Desoto County, Mississippi. The case was removed to this court on January 30, 2018.

**Factual Background**

On or about September 9, 2017, 17-year-old Plaintiff Kendarious Scott ("Kendarious"), along with his parents, Plaintiffs Jackie and Edgar Scott, entered the Dillard's Department Store in Southaven, Mississippi. As they began shopping, Kendarious asked his parents if he could shop downstairs. They agreed. Kendarious then proceeded to the Polo section of the store where a pair of blue jean shorts caught his attention.

---

[1] This Court cannot help but notice that the style of the case, and various filings of both parties, names the defendant as "Dillards, Inc" and/or as "Dillard's, Inc". Counsel for both parties rely on these names interchangeably. However, the store in Southaven, Mississippi, according to regional observation, holds itself out as "Dillard's" with an apostrophe. In order to avoid confusion, we will call the defendant Dillard's in this case.

Camille Covington ("Camille"), Dillard's camera operator, watched Kendarious enter a fitting room with the shorts. She observed his pants as being "big" and "sagging on both sides." She later captured him on camera in another section of the store but noticed that he no longer had the shorts with him, that his pants appeared to be tighter and that he was trying to adjust and straighten his pants. At this point, Camille requested that Beatrice Farmer, the cashier located nearest the fitting room, check the room to determine whether the shorts were left behind. They were not.

Camille then observed Kendarious in the shoe department, and, suspecting he intended to steal the jean shorts by concealing them under his pants, contacted Dillard's security officers. Enter Officers Merritt ("Merritt") and Sims ("Sims") who were both off duty police officers working for Dillard's.

At 5:01:53 PM, Merritt and Sims—fitted out with what, as best this observer can tell, can perhaps be described as casual swat team attire with their black cargo pants, a matching polo shirt that said "Dillard's Security" and belts chromed out with handcuffs and a holstered gun— approached Kendarious in the shoe department and introduced themselves. Kendarious placed a shoe that he had been admiring on the table and confusedly looked at Merritt and Sims. At 5:01:59 PM, or six seconds later, Merritt placed a cuff on Kendarious's right arm, thereby leashing him. Sims and Merritt then instructed Kendarious to lift his shirt and Sims conducted a "pat search". According to Kendarious's deposition, Merritt and Sims asked him whether the gym shorts he was wearing under his pants were the missing shorts belonging to Dillard's. Kendarious assured them "No, I had those on when I first came in." All of this occurred in the middle of the store's shoe department. At 5:02:23 PM, Kendarious's parents descended on the escalator and immediately confronted the officers. Within 52 seconds of cuffing Kendarious, at 5:02:51 PM, Merritt removed

the cuff from Kendarious's wrist. The entire incident lasted until 5:06:29 PM—approximately five minutes—when Kendarious left the store with his father while his mother remained to speak with the security officers. This imbroglio now compels federal resolution.

**Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L Ed. 2d 202 (1986). At the summary judgment stage, the court must "draw all reasonable inference in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L. Ed. 2d 105 (2000). Once the moving party shows there is no genuine dispute as to any material fact, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994)).

**Discussion**

The Court will discuss the two pending motions, Plaintiffs' Motion for Partial Summary Judgment [47] and Defendants' Motion for Summary Judgment [49], separately.

**A. Plaintiffs' Motion for Partial Summary Judgment [47]**

In their motion, Plaintiffs argue that they are entitled to summary judgment (a) because the "Shopkeepers Privilege" does not apply since Dillard's exceeded its authority in dealing with

Kendarious; (2) because Dillard's actions were extreme and outrageous, thus, satisfying an intentional infliction of emotional distress claim; and (3) because Dillard's falsely imprisoned Kendarious in handcuffing him during the incident. Dillard's timely filed a response to this motion.

### a. Shopkeeper's Privilege

"Mississippi Code Section 97-23-95 provides 'a shield from civil liability for merchants who question suspected shoplifters, so long as the questioning is done (1) in good faith, (2) with probable cause, and (3) in a reasonable manner.'" *Hobson v. Dolgencorp*, 142 F.Supp.3d 487, 490 (S.D. Miss. 2015) (citing *Scott v. Spencer Gifts, LLC*, No. 1:14-CV-00037-SA-DAS, 2015 WL 4205242, at *3 (N.D. Miss. July 10, 2015)). The party asserting the privilege bears the burden of proof. *Boone v. Wal-Mart Stores, Inc.*, 680 So.2d 844, 847 (Miss. 1996). "[A] finding that the shopkeeper's 'questioning was conducted unreasonably will alone be sufficient to defeat' the privilege." *Hobson*, 142 F.Supp.3d at 490 (citing *Scott*, 2015 WL 4205242, at *3).

Here, the Court finds that there are fact issues as to whether Dillard's questioning of Kendarious was conducted in a reasonable manner. The record establishes that Camille watched Kendarious enter the fitting room with the shorts but did not see him exit the fitting room. She later spotted him in a different section of the store without the shorts. Camille then requested that the cashier search for the shorts in the fitting room. She then instructed Merritt and Sims to only ask Kendarious where the shorts were but to not detain him. Merritt and Sims approached Kendarious and within seconds Merritt placed a handcuff on Kendarious's right arm.

Plaintiff argues that such conduct was unreasonable—especially because it was done on the store floor in sight of other patrons. However, Dillard's argues that Merritt relied on his training in using the handcuff to prevent a "fight or flight" after he noticed Kendarious stiffen up.

Nonetheless, there is also evidence, specifically testimony from Sims, to suggest that Kendarious did not in fact pose a threat at the time of the approach.[2]

The Court, therefore, finds that there is a genuine issue of material fact as to whether the questioning of Kendarious was conducted in a reasonable manner. Plaintiffs' motion for summary judgment as to this issue is denied.

### b. Intentional Infliction of Emotional Distress

Summary judgment on this issue is denied for two reasons.

First, there are genuine fact issues as to whether Dillard's is protected under the Shopkeeper's Privilege, particularly dealing with the reasonableness of the manner of the questioning conducted on Kendarious (as discussed above). Whether Plaintiffs have a viable claim for intentional infliction of emotional distress is dependent on a jury's finding on the reasonableness inquiry. If a jury finds that such conduct was reasonable, the shopkeeper's privilege will apply and Dillard's will be protected from liability. If, however, a jury finds the conduct was unreasonable, the shopkeeper's privilege will not apply and Dillard's will be subject to liability under this claim. Therefore, summary judgment at this time is not warranted.

The second reason this Court finds that summary judgment on this issue is not warranted at this time is because, had the Court found Dillard's was not protected by the shopkeeper's privilege, genuine issues of material fact still exist.

In Mississippi, "meeting the requirements of a claim for intentional infliction of emotional distress is a tall order." *Speed v. Scott*, 787 So.2d 626, 630 (Miss. 2001) (citing *Jenkins v. City of Grenada*, 813 F.Supp.443, 446 (N.D. Miss. 1993)). To prevail on a claim for intentional infliction of emotional distress, the plaintiff must show:

---

[2] "Q. So you don't think he posed a threat that needed handcuffs at that time? A. Not at that time, no." Sims Dep. 50:9–11.

> (1) The defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) the defendant's acts are ones that evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff suffered emotional distress as a direct result of the acts of the defendant; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant.

*Rainer v. Wal-Mart Assocs. Inc.*, 119 So.3d 398, 403-04 (Miss. Ct. App. 2013).

The defendant's "conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Brown v. Inter-City Fed. Bank for Sav.*, 787 So.2d 262, 264 (citing *Pegues v. Emerson Elec. Co.*, 913 F.Supp. 976, 982 (N.D. Miss. 1996)).

Here, Kendarious, a 17-year-old, was approached in the middle of a Dillard's store, was placed in a handcuff within six seconds of being approached and was then searched. Plaintiffs argue that such conduct was extreme and outrageous as it was never confirmed that Kendarious concealed the jean shorts (Camille did not capture him concealing the shorts), he was searched and questioned in the middle of the store floor in view of other patrons—instead of in an available back room—and Dillard's employees explicitly violated store policy in effecting their questioning and the search. Dillard's argues that such conduct was not extreme and outrageous because the handcuff was only in place for 52 seconds and the entire investigation lasted five minutes. The Court finds that summary judgment should be denied on this issue. Where a defendant's conduct in dealing with a shoplifter is "confrontational, physical, demeaning, and embarrassing" there exists a jury issue as to the plaintiff's intentional infliction of emotional distress claim. *See Gamble v. Dollar General Corp.*, 852 So.2d 5, 12-13 (Miss. 2003). Summary judgment on Plaintiffs' intentional infliction of emotional distress claim is also denied for this reason.

### c. False Imprisonment

Like the state law claim of intentional infliction of emotional distress, Plaintiffs' claim of false imprisonment is dependent on whether a jury finds the shopkeeper's privilege to apply based on their determination of reasonableness. Thus, the summary judgment cannot be granted.

Nonetheless, under Mississippi law, false imprisonment requires "(1) the detention of the plaintiff, and (2) the unlawfulness of such detention." *Alpha Gulf Coast, Inc. v. Jackson*, 801 So.2d 709, 720 (Miss. 2001) (citing *Wallace v. Thornton*, 672 So.2d 724, 727 (Miss. 1996)).

#### i. Detention

"A detention is established by proof that Plaintiffs were subject to actual force or 'reasonably apprehended force.'" *Scott*, 2015 WL 4205242, at *5 (quoting *Mayweather v. Isle of Capri Casino, Inc.*, 996 So.2d 136, 141 (Miss. Ct. App. 2008)).

Here, evidence supports a finding that Kendarious was detained. The record, through testimony of the security guards as well as video recordings, establish that Merritt used a handcuff on Kendarious. Upon use of the handcuff, he was not free to leave[3] and was restrained against his will; thus, satisfying the first requirement.

#### ii. Unlawfulness of the detention

"The second element turns on whether, looking at the totality of the circumstances, the actions of the defendant were 'objectively reasonable in their nature, purpose, extent, and duration.'" *Whitten v. Cox*, 799 So.2d 1, 9 (Miss. 2000) (quoting *Thornhill v. Wilson*, 504 So.2d 1205, 1208 (Miss. 1987)). "[T]he relevant inquiry is the 'reasonableness of the defendant[']s actions, not the[ ] intent ….'" *Scott*, 2015 WL 4205242, at *7 (quoting *Wallace*, 672 So.2d at 727).

---

[3] "Q. Could he leave if he wanted to in your opinion? A. In my opinion? Not with one cuff." Kirby Dep. 51:14–16; "Q. In your opinion was he free to exit the store at that time? A. No sir. Q. And why is that? A. Because the officer had one cuff on his hand." Kirby Dep. 51:22–52:3; "Q: . . . I mean, if he has the handcuffs on, you would agree he's not going anywhere, is he? A: Right, he's not going anywhere." Sims Dep. 60:3–6.

In this case, record evidence shows that the camera operator did not observe Kendarious conceal the jean shorts, instructed security guards to not detain him but to only ask him about the shorts, and yet Merritt used a handcuff to detain him in the middle of the store floor where he was then patted down and instructed to life his shirt. However, record evidence also suggests that Merritt relied on his handcuff out of his belief that Kendarious showed signs of "fight or flight" (stiffening up as they approached)—nonetheless, there is also testimony that Kendarious did not pose a threat.[4] Dillard's further argues that the handcuff was removed within 52-seconds and the entire incident lasted about five minutes. The Court finds that whether the detention was "unreasonable in nature, purpose, extent, and duration" is a question for the jury. Therefore, summary judgment on this claim is not warranted at this time.

### B. Defendant's Motion for Summary Judgment [49]

In its motion, Dillard's argues that it is entitled to summary judgment as to Plaintiffs' § 1983 claim and all of Plaintiffs' state law claims. Plaintiffs timely filed a response to this motion.

### a. § 1983 Claim

To recover under 42 U.S.C. § 1983, the plaintiff must prove "(1) that he has been deprived of a right 'secured by the Constitution and the laws' of the United States; and (2) that the persons depriving him of his right acted" under color of state law. *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988); *Cornish v. Correctional Services, Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "[W]hether state action exists is a question of law for the court." *Blackenship v. Buenger*, 653 Fed.Appx. 330, 335 (5th Cir. 2016) (citing a case in the supreme court and cases in the second, fourth, and fifth circuits in which the state actor inquiry is held as a question of law for the court).

---

[4] "Q. So you don't think he posed a threat that needed handcuffs at that time? A. Not at that time, no." Sims Dep. 50:9–11.

In cases in which a merchant is involved, "a merchant is not a state actor unless the conduct on the part of a guard or officer giving rise to the claimed deprivation occurred based solely on designation of suspicion by the merchant and was not accompanied by any independent investigation by the officer." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743 (2001) (citing *Bartholomew v. Lee*, 889 F.2d 62, 63 (5th Cir. 1989)). "[W]e will not subject a merchant to § 1983 liability unless an officer has failed to perform independent investigation, and that evidence of a proper investigation may include such indicators as an officer's interview of an employee, independent observation of a suspect, and the officer writing his own report." *Id*. at 750.

Here, regardless of whether such action was reasonable or not—which this Court found is a question for the jury—the Court, however, opines that Merritt acted out of his own independent observation of Kendarious. Although the officers approached him based on the camera operator's instruction, Merritt asserts in his deposition that he placed the handcuff on Kendarious because he stiffened up after they approached him and introduced themselves.[5] Merritt used the handcuff after what appeared to him to be a threat. The Court further finds no nexus between the state and the officers use of the handcuff on Kendarious because it seems that the officers were merely acting out of their employment with Dillard's. The officers—both off duty officers—were wearing black Polo shirts (a uniform provided by Dillard's) with the words "Dillard's Security" to identify themselves as Dillard's security officers. Based on this evidence, and the fact that it appears to the Court that officer Merritt used his handcuff after his own observation of the Plaintiff, the court does not find the officers to have acted under color of law.

---

[5] "Q: Okay. What happened once you approached Kendarious? A: We identified ourselves and told him what we were there for, and he kind of looked at both of us and stiffened up a little bit, stiffened up, arms out, and that's when I put the cuff on him." Merritt Dep. 29:2–8.

Dillard's further argues that it is entitled to summary judgment as to the Plaintiffs' § 1983 claim because there is no evidence to support that Kendarious's injuries were caused by a policy or custom of Dillard's. Dillard's raises such argument because a private actor cannot be held liable under § 1983 unless a "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Even viewing the record in a light most favorable to the non-movant—in this motion, the Plaintiffs—the Court finds that summary judgment should be granted. A reading of Dillard's Off Duty Peace Officer Policies instructs that handcuffs are only to be used "to maintain order" or when "the suspect poses a threat to customers" or personnel. Plaintiffs' failure to produce evidence that the administrative authorities of Dillard's knew officers had been handcuffing all suspects, regardless of whether they were a threat, for approximately two years, and that they adopted or allowed such antics, entitles Dillard's to summary judgment on Plaintiffs' § 1983 claim.

### b. State Law Claims

For the reasons stated above and the Court's finding that genuine issues of material fact exist as to the reasonableness requirement of the shopkeeper's privilege, Dillard's motion for summary judgment as to Plaintiffs' state law claims is denied.

### Conclusion

Accordingly, Plaintiffs' motion for partial summary judgment [47] is DENIED and Defendant's motion for summary judgment [49] is GRANTED IN PART AND DENIED IN

PART. Defendant's motion for summary judgement [49] is GRANTED as to the § 1983 claims and DENIED as to the Shopkeeper's Privilege.

SO ORDERED, this the 16th day of January, 2019.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**